**MEROLLIS CHEVROLET–
GEO, INC., Appellant,**

v.

**MID–AMERICA CHEVY DEALERS
ASSOCIATION, INC.,**
Respondent.

No. 59638.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 14, 1992.

Christopher J. Holthaus, St. Louis, for appellant.

David C. Salivar, Salivar & Harms, St. Louis, for respondent.

SMITH, Presiding Judge.

Plaintiff appeals from the judgment of the trial court denying its petition for declaratory judgment. We affirm.

Plaintiff is a Chevrolet automobile dealership. Defendant is a Missouri not-for-profit corporation whose members are owners of Chevrolet automobile dealerships. The purpose of the corporation is to furnish advertising to assist the Chevrolet dealerships in the area in obtaining sales of Chevrolet products. Dues are provided for in the by-laws in the form of "dues-units" included in the price of every car purchased from Chevrolet by each member. The dues-units are paid by Chevrolet directly to the corporation. The by-laws provide exemptions for certain classes of sales from

the dues imposition. Those exemptions involve sales to entities in which advertising is not considered to be productive in creating the sale. Those exemptions include automobiles sold or leased for driver education purposes, to government entities, or to certain fleet owners. GMAC is included within the definition of fleet owners. The by-laws provide that members are entitled to receive refunds from the corporation for sales exempted from the dues imposition.

In October 1988 plaintiff filed for refund of $45,580 for sales to GMAC occurring from 1985 until September 1987. The request was denied for untimeliness. The by-laws do not address the issue of the procedures to be followed in seeking and obtaining refunds. However, memos are distributed periodically to the members advising them of the time constraints for filing for refunds and the importance of the deadlines because of the corporation's cash basis accounting and the end of its fiscal year on September 30. The membership of the corporation changes yearly and revenues are expended within the fiscal year in which they are received. Plaintiff's action sought to recover the refunds denied by the corporation. Trial was had on the materials obtained during discovery and judgment entered in favor of the defendant. This appeal followed.

■ The thrust of the plaintiff's position is that the by-laws of the organization constitute a contract between the corporation and its members and between the members themselves. *See McDaniel v. Frisco Employee's Hospital Association,* 510 S.W.2d 752 (Mo.App.1974) [6]; 18A Am.Jur.2d § 325. Therefore, plaintiff contends, the by-law provision that members are entitled to refunds for exempted sales requires that it receive the refund requested. Accepting the proposition that a contract exists, that contract is silent on the procedures to be followed to claim and be awarded the refund. Corporations have a general corporate authority that allows actions on decisions that are not specifically enumerated in the Articles of Incorporation or the by-laws. The Missouri statute creating not-for-profit corporations, Chapter 355, RSMo

1986, confers upon such corporations all powers necessary or convenient to effect any or all of the corporation's purposes. Sec. 355.090(15). The by-laws of the defendant also confer upon the directors the power to do all lawful acts not prohibited by the Articles of Incorporation or by-laws.

■ Inherent in the provisions for the allowance of refunds is the authority to establish a method for claiming such refunds and a method for disbursement of such refunds. The directors or duly authorized officers have the authority to establish the procedures to be followed in claiming and receiving refunds. Courts will not generally interfere with the actions of directors or officers of the corporation within the general purposes of the corporation unless the acts are ultra vires, fraudulent, and injurious, an abuse of power and oppressive. The court lacks the power to interpose its authority for the purpose of adjusting controversies relative to the proper mode of conducting the corporate business. *Golden v. St. Joseph Milk Producers' Association,* 420 S.W.2d 31 (Mo.App. 1967) [1–4]. There is no showing here of fraud, bad faith, overreaching, or oppression. Nor can it reasonably be concluded that given the nature and purposes of the organization, its cash accounting basis and its changing membership that the directors abused their discretion or acted ultra vires in requiring timely application for refunds. It was within the business judgment of the directors to establish the time constraints for filing claims for refunds and to deny applications for refunds which did not comply with those time constraints.

Plaintiff relies heavily upon *Von Seggern v. 310 West 49th St., Inc.,* 631 S.W.2d 877 (Mo.App.1982). That case is clearly distinguishable. There the general provisions of the articles of incorporation and the by-laws were circumscribed by specific agreements executed by each member of the organization. Here there are no specific agreements which circumscribe the authority of the directors to establish procedures for the claiming of refunds.

Defendant's motion for sanctions for frivolous appeal is denied.

Judgment is affirmed.

KAROHL and AHRENS, JJ., concur.